# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID SMITH,** | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-05-1147 |
| v. | : |
| | : (JUDGE VANASKIE) |
| **JOSEPH F. DESUTA, et al.,** | : |
| | : |
| Respondents. | : |

## MEMORANDUM

### Background

David Smith, an inmate presently confined at the State Correctional Institution, Mercer, Pennsylvania (SCI-Mercer), proceeding pro se, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. The matter was subsequently transferred to this Court. Named as Respondents are the Attorney General for the Commonwealth of Pennsylvania, SCI-Mercer Warden Joseph DeSuta, and the Bradford County District Attorney.[1]

On April 30, 1996, Petitioner was charged with thirty (30) counts of involuntary deviate sexual intercourse; ten (10) counts of sexual assault; four (4) counts of indecent assault, and

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Warden DeSuta is Petitioner's custodial official for purposes of § 2242.

one (1) count of corruption of minors. The victim of those alleged offenses was Petitioner's thirteen (13) year old stepdaughter.

Petitioner was arrested on July 10, 1996. Bradford County Public Defender Theodore Hinckley was appointed to represent Petitioner. On the advice of Mr. Hinckley, Petitioner waived his right to a preliminary hearing on the charges. His arraignment was scheduled for September 5, 1996.

When Petitioner's case was called on September 5, 1996, Petitioner immediately informed the presiding judge that he wanted to dismiss his attorney and requested a postponement of the arraignment "until I can seek efficient and effective counsel to help prove my innocence." (Tr. of Sept. 5, 1996, Dkt. Entry # 13-4, at 1.) No reason was given by Petitioner for dismissing his court-appointed lawyer, and the trial court did not solicit an explanation. Instead, the judge asked Mr. Hinckley if he wanted to move to withdraw, and he responded in the affirmative. As a result, the public defender assigned to Smith's case was granted leave to withdraw and the arraignment was rescheduled. Petitioner was advised that if he did not appear with counsel at the re-scheduled arraignment, the arraignment would proceed without representation. (Id. at 2.)

On September 16, 1996, the rescheduled arraignment was conducted. Petitioner, who appeared without counsel, inquired as to whether action had been taken on his pro se motion seeking appointment of counsel and reinstatement of his right to a preliminary hearing. (Tr. of

Sept. 16, 1996, Dkt. Entry # 13-5, at 2.) The presiding judge, who had not handled the aborted arraignment on September 5, 1996, explained that he had not been presented with any motion. (Id.) Petitioner asserted that he had "good and fair reason" for dismissing Attorney Hinckley, asserting that he had violated Petitioner's rights by speaking "openly in public about [the case]." (Id.) The trial judge responded by informing Petitioner that so long as there was no reason why the public defender's office could not represent Petitioner, his counsel would be a member of that office. (Id. at 2-3.) Petitioner then informed the court that he would prefer to proceed without counsel. (Id.) Following a colloquy addressing the issue of whether waiver of counsel was knowing and voluntary, Petitioner indicated that he still wanted legal representation. (Id. at 8.) When he learned, however, that Mr. Hinckley would be the attorney assigned by the public defender's office, Petitioner again told the court that he preferred to proceed pro se. Following some additional questions, the trial judge determined that Petitioner had made a knowing, voluntary and intelligent waiver of counsel. Petitioner entered a plea of not guilty and was informed of his right to seek discovery and pursue pretrial motions.

On September 17, 1996, the motion for appointment of counsel to which Petitioner had made reference at the September 16th arraignment was filed. On October 2, 1996, Petitioner filed a number of motions, including one that is described on the docket report as "Motion to Appeal for Legal Counsel." (Dkt. Entry # 13-3 at 2.) A rule was made returnable on this motion for November 4, 1996. (Id.) It appears, however, that Smith did not pursue the matter during

the court proceedings conducted in early November.

On November 27, 1996, Smith, still proceeding pro se, entered a guilty plea to two (2) counts of involuntary deviate sexual intercourse. See Commonwealth v. Smith, 717 A.2d 1032, 1033 (Pa. Super. 1998). The plea was the result of an offer presented to Petitioner by the Commonwealth. During the plea colloquy, Petitioner acknowledged that he knew that each count carried a prison term of 5 to 20 years, and that consecutive sentences, totaling 10 to 40 years, would be sought by the prosecutor. Petitioner also acknowledged that he understood that he was admitting to the offense as defined by the judge, and in particular admitted to having oral sex with a child of less than 13 years of age. (Tr. of November 27, 1996, Dkt. Entry # 13-6, at 7.) He later explained, however, that he was pleading guilty because he was unable to obtain a lawyer and he did not want to put his step-daughter through the ordeal of testifying. (Id. at 19-20.)[2] The trial court scheduled sentencing for December 23, 1996, reserving the decision whether to accept the plea and plea agreement until the time of sentencing. (Id. at 21-22.) Petitioner was informed that he could move to withdraw his guilty plea prior to his sentencing or within ten (10) days after sentencing, with an explanation that it would be easier to have the motion granted if filed before sentencing. (Id. at 22.)

---

[2] At Petitioner's sentencing, however, a probation officer from Luzerne County informed the trial court that Petitioner had required the child-victim to testify at a probation revocation hearing in Luzerne County. The probation officer reported that the child had been subjected to "one of the most grueling cross-examinations I can recall in my twenty-three years." (Dkt. Entry 13-6, at 42.) He also described Petitioner as "one of the worst sexual predators I've come across. . . ." (Id.)

-4-

Petitioner did not move to withdraw his plea prior to the scheduled sentencing date. On December 23, 1996, he was sentenced to an aggregate ten (10) to forty (40) year term of imprisonment.[3] During sentencing Petitioner indicated to the court that he was represented by counsel who was not present. However, the sentencing proceeding continued after the court concluded that no attorney had entered an appearance on behalf of the defendant.[4]

Post-sentence motions, although having been delivered to a Bradford County Prison official for filing before Petitioner was transferred to a state correctional institution in late December of 1996, were not forwarded to the court but were instead returned to Petitioner. He then mailed them to the court and the motions were docketed on January 27, 1997. The post-sentence motions were dismissed summarily as untimely.[5] Petitioner did not appeal the dismissal of his post-sentence motions. Instead, on February 12, 2007, he filed for relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, et seq. Following appointment of counsel, an Amended PCRA Petition was submitted. The Amended PCRA Petition was denied by the Court of Common Pleas on the basis that Petitioner had

---

[3] Two consecutive five (5) to twenty (20) year sentences were imposed.

[4] It is undisputed that a family member retained private counsel for the sole purpose of offering an opinion with respect to Petitioner's plea agreement. Counsel never agreed to undertake representation of Smith. Upon reviewing the plea agreement, counsel advised Smith to proceed with his plea and indicated that he would review the pre-sentence report on the date of sentencing. Due to a scheduling conflict, counsel was unavailable on the day of sentencing.

[5] Post-sentence motions must be filed within ten (10) days of imposition of the sentence. See Pa. R. Crim. P. 720(A)(1).

waived the right to seek relief by not filing a timely post-sentence motion or direct appeal asserting the issues presented in his amended PCRA petition.

On July 31, 1998, the Pennsylvania Superior Court remanded Smith's PCRA action with instructions that the Court of Common Pleas conduct an evidentiary hearing to determine whether his post-sentence motions should have been regarded as timely by application of the "prisoner mailbox rule" so as to preclude a determination that Petitioner had waived the right to seek PCRA relief. (Dkt. Entry # 13-9.) The Pennsylvania Supreme Court denied allowance of appeal on July 9, 1999. See Commonwealth v. Smith, 740 A.2d 232 (Pa. 1999)(Table).

After conducting a hearing, the PCRA court, on December 23, 1999, again concluded that Petitioner's post-sentence motions were untimely and that he had not filed a timely direct appeal, and denied the PCRA petition. (Dkt. Entry # 13-14.) Thereafter, a June 7, 2001 unpublished decision by the Superior Court concluded that Smith's post-sentence motions were timely by virtue of application of the "prisoner mailbox rule." (Dkt. Entry # 13-17, at 11.) Consequently, Petitioner had not waived the right to seek relief under the PCRA. The case was remanded with instructions that the PCRA court conduct an evidentiary hearing as to his argument that he was denied his right to counsel. (Id.)

Following a January 9, 2002 hearing, the Court of Common Pleas issued an Order on April 17, 2002 which found that Petitioner was not denied his right to counsel. (Dkt. Entry # 13-19.) The Superior Court affirmed that decision on May 14, 2003. (Dkt. Entry # 13-22.) A

-6-

petition for allowance of appeal was denied by the Pennsylvania Supreme Court on February 18, 2004.  See Commonwealth v. Smith, 847 A. 2d 1284 (Pa. 2004)(Table).  Thereafter, Smith's request for reconsideration was denied by the Supreme Court on March 24, 2004. (Dkt. Entry # 13-23.)

On April 21, 2005, more than one (1) year after the conclusion of the PCRA proceedings, Smith initiated this action in the United States District Court for the Western District of Pennsylvania.[6]  His pro se petition claims that he was provided with ineffective assistance of counsel by the Bradford County Public Defender's office.  Specifically, Smith asserts that counsel coerced him into entering a plea agreement; improperly waived his right to a preliminary hearing; continued to represent him despite a conflict of interest; aided and abetted the prosecution; refused to provide zealous representation; and conspired with the Commonwealth because of his belief that Petitioner was guilty.  Smith also argues that he was incompetent to enter a guilty plea and is actually innocent of all charges.  Furthermore, Petitioner contends that the trial court was biased, improperly denied his requests for appointment of counsel and to withdraw his guilty plea, and erred by accepting his guilty plea.  As relief, Petitioner seeks release from incarceration.

**Discussion**

In addition to contending that Smith's denial of counsel claim lacks substantive merit,

---

[6] Although Smith's action was docketed in the Western District on April 21, 2005, his petition is dated April 25, 2005.  (Dkt. Entry # 1, at 9.)

Respondents argue that Smith did not exhaust his claims that (a) he was incompetent to enter a guilty plea and (b) his motion to withdraw his guilty plea was left undecided. There is also another patent procedural obstacle to adjudication of Petitioner's claims: the expiration of the one year statute of limitations for § 2254 petitions.

**Timeliness**

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. In the present matter, Petitioner was sentenced on December 23, 1996. His post-sentence motions were dismissed as untimely. Under Pennsylvania state law, Smith had 30 days after imposition of the sentence in which to file a direct appeal. Pa. R. Crim. P. 720(A)(3). He did not take a direct

appeal. Hence, Petitioner's conviction became final for purposes of § 2244(d) and the limitations period began to run on January 22, 1997, when Smith failed to initiate a direct appeal.

The running of the limitations period was suspended on February 12, 1997, when Petitioner properly commenced state post-conviction proceedings, and remained suspended until no later than March 24, 2004, when the Pennsylvania Supreme Court denied his request for reconsideration of its decision to deny allowance of appeal. Thus, the limitations period expired by early March 2005, more than one month before Petitioner filed his habeas petition with the United States District Court for the Western District of Pennsylvania. In this regard, the period during which Petitioner could have filed a petition for a writ of certiorari with the United States Supreme Court from the denial of his application for state post conviction relief did not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007)); Stokes v. District Attorney of Phila. County, 247 F.3d 539, 542 (3d Cir. 2001) ("the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)").

Of course, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing

Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[7] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).[8]

As acknowledged in Day v. McDonough, 547 U.S. 198, 209-11 (2006), a district court has the authority to raise the timeliness issue sua sponte even where, as here, the issue has not been asserted by the respondent. In doing so, the parties must be afforded "fair notice and an opportunity to present their positions." Id. at 210. In addition, "the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitations issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." Id. Similarly, in United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), the United States Court of Appeals for the Third Circuit held that a district court may raise the one-year statute of limitations on its own motion, provided that the petitioner is furnished notice and an opportunity to respond. See also, Bloss

---

[7] Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

[8] This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(I), which precludes habeas relief for ineffective or incompetence of collateral counsel.

v. Rozum, Civil Action No. 08-2214, 2009 WL 124505 *4 (E.D. Pa. Jan. 14, 2009); Hammond v. Brooks, 2009 WL 1507564 *5, n.2 (E.D. Pa. May 29, 2009);and Phillips v. Folino, 2008 WL 339817 *2 (E.D. Pa. Feb. 4, 2008).

In this case, Petitioner will not be prejudiced by the sua sponte raising of the timeliness issue. He has taken no action in this proceeding other than filing his Petition. The facts germane to the limitations question are straightforward. The timeliness of this action is not affected by the delay in raising the issue. If this Court's understanding of the facts is correct, dismissal appears warranted unless equitable tolling can be established. Thus, in accordance with Day and Bendolph, this Court will direct Petitioner to show cause within twenty (20) days of the date of this Order why his Petition should not be dismissed as untimely. In this regard, any claim of entitlement to equitable tolling must be asserted in Petitioner's response to this Order. Respondents may file a reply within fifteen (15) days of the filing of Petitioner's response to the accompanying Order. The merits of Petitioner's present claims will not be addressed until the limitations issue is resolved.

**Exhaustion**

Respondents concede that Petitioner exhausted state court remedies with respect to his claim that he was denied his right to counsel. They indicate, however, that Smith's claim that his motion to withdraw his guilty plea was not ruled upon "was not raised as part of the appeal to the Superior Court," and his argument of being incompetent to waive counsel and enter a

guilty plea was not properly pursued during the state court proceedings, as well. (Dkt. Entry # 13-1, ¶ 1(b) & (c).)

Section 2254(b)(1) of Title 28 of the United States Code provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[9] The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). Fair presentation requires that the "substantial equivalent" of both

---

[9] However, a § 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

As previously noted, Petitioner did not pursue a direct appeal. His post-sentence motions were dismissed as untimely, and he did not challenge that ruling on direct appeal He did, however, file a pro se PCRA action on February 12, 1997. Counsel was appointed to represent Smith and on March 21, 1997, an Amended PCRA petition was filed. By Order dated May 6, 1997, the PCRA court concluded that Smith's claims were waived because they were not timely presented in a post-sentence motion or on a direct appeal. In a July 31, 1998 decision, the Superior Court concluded that the PCRA court erred by denying relief without conducting a hearing on the timeliness of the post-sentence motions. Accordingly, the Superior Court remanded the matter with instructions for the PCRA court to conduct an evidentiary hearing.

Following remand, the PCRA court conducted a hearing on September 20, 1999. An order dismissing Petitioner's PCRA action on waiver grounds was issued on December 23, 1999. On June 7, 2001, the Superior Court concluded that Petitioner's post-sentence motions were not untimely so that he had not waived the right to seek relief under the PCRA. The Superior Court again remanded the matter, instructing the PCRA court to hold an evidentiary hearing on Petitioner's denial of counsel claim. (Dkt. Entry # 13-17, at 11.)

The PCRA court conducted a hearing on January 9, 2002. During the course of that proceeding Smith, for the first time, presented evidence on the issue of whether he had been competent when he elected to proceed pro se and when he entered his guilty plea. Specifically, he called John Harvey, a licensed psychologist, as a witness. Harvey testified that Smith had several cognitive disorders and a learning disability.

In an eighteen (18) page Memorandum Opinion dated April 17, 2002, the PCRA court found that Petitioner had failed to meet his burden of proving that he was denied his right to counsel. The Court noted that this was simply a case where Smith elected to "fire the free attorney" which was provided to him "without demonstrating at that time that he had substantial cause for doing so." (Dkt. Entry # 13-19, at p. 18.) It also addressed the competency issues which had been asserted via Mr. Harvey's testimony.

Petitioner then filed a third counseled PCRA appeal to the Superior Court in which he asserted that the sole issue presented for consideration is whether he had "effectively waived

his right to counsel." (Dkt. Entry # 13-20, at 28.) Petitioner's brief did not address the competency question or any other issue. The Superior Court affirmed the decision of the PCRA court by decision dated May 14, 2003. (Dkt. Entry # 13-22.) The Superior Court aptly described Smith's appeal as presenting only the following issue for review: "Was [Petitioner] denied his right to counsel." (Id. at 6.)

Thus, it is apparent that Smith did not fairly present his competency claim as well as his argument pertaining to the denial of his motion to withdraw his guilty plea to the Pennsylvania state courts. As to Petitioner's competency claim, the record shows that an evidentiary foundation for this assertion was not presented by Smith until his January, 2002 PCRA hearing. Specifically, during that proceeding Petitioner presented the testimony of Mr. Harvey in an attempt to establish that he had cognitive disorders and a learning disability which rendered him incompetent. While those claims were subsequently addressed by the PCRA court's April 17, 2002 decision, they were not included in Smith's subsequent appeal to the Superior Court, which solely argued that he was denied his right to counsel.

Accordingly, Smith's pending federal habeas corpus petition is a mixed petition, one containing both exhausted and unexhausted claims. In both Rhines v. Weber, 544 U.S. 269 (2005), and Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed federal habeas corpus petition. Both Rhines and Crews argued that their respective federal habeas petitions should be held in abeyance while the unexhausted claims were

exhausted in state court because they might be barred from returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The Court in Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Therefore, in the event that it is determined that Smith's pending mixed habeas petition is not time barred, he has three alternatives. First, he may voluntarily dismiss his unexhausted claims and proceed only with his exhausted claim. See Burton v. Stewart, 549 U.S. 147, 154 (2007) (an applicant who files a mixed federal habeas petition may elect to proceed with only the exhausted claims). By selecting this option, Smith is forewarned that he would lose his ability to file a second or successive federal habeas petition absent certification by the Court of Appeals, and the potential for relief is further limited in a second or successive petition.

Second, Petitioner could request that his pending action be stayed while he returns to state court to attempt to exhaust state remedies with respect to his presently unexhausted claims. If Petitioner chooses this option, he must show that there is good cause for his failure to exhaust his claims first in the state court, the unexhausted claims are not plainly meritless,

and that he has not engaged in abusive litigation tactics or intentional delay. See Rhines, 544 U.S. at 277-78; Aruanno v. Scherrer, 277 Fed. Appx. 155, 157-58 (3d Cir. 2008); Ellison v. Rogers, 484 F.3d 658, 661-62 (3d Cir. 2007); Grundy v. Pennsylvania, 248 Fed. Appx. 448, 451 (3d Cir. 2007).

Finally, as a third option, Smith may simply request that his mixed petition be dismissed without prejudice to allow himself the opportunity to return to state court and attempt to exhaust state court remedies and then return to federal court with a new § 2254 petition. However, Petitioner is given notice that if he elects this option he would face a significant likelihood that any new federal habeas petition he initiated would be dismissed as untimely.

**Conclusion**

There are procedural impediments to an adjudication on the merits of the habeas petition presented in this case. First, it appears to be time-barred. Second, Petitioner's action appears to be a mixed petition, one containing both exhausted and unexhausted claims. Petitioner will be directed to address these significant procedural hurdles. An appropriate Order will enter.

**s/Thomas I. Vanaskie**
Thomas I. Vanaskie
U.S. District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

DAVID SMITH, :
:
     Petitioner, :
: CIVIL NO. 3:CV-05-1147
     v. :
: (JUDGE VANASKIE)
JOSEPH F. DESUTA, et al., :
:
     Respondents. :

## ORDER

**NOW, THEREFORE, THIS 17th DAY OF JULY, 2009,** in accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

    1. Within twenty (20) days of this Order, Petitioner shall show cause why his Petition should not be dismissed as untimely. In this regard, any claim of entitlement to equitable tolling must be asserted in Petitioner's response to this Order.

    2. Respondents may file a reply within fifteen (15) days of the filing of Petitioner's response to this Order.

    3. Within thirty (30) days of the date of this Order, Petitioner shall file a notice with the Court, indicating whether he wishes to: (1) voluntarily dismiss his unexhausted claims and proceed only with his exhausted claim; or (2) request that his pending action be stayed while he returns to state court to attempt to exhaust state remedies with respect to his presently

unexhausted claims; or (3) request that his mixed petition be dismissed without prejudice to allow himself the opportunity to return to state court and attempt to exhaust state court remedies regarding his unexhausted claims.

                                                **s/Thomas I. Vanaskie**
                                                Thomas I. Vanaskie
                                                United States District Judge