IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID SMITH, :
:
    Petitioner, :
: CIVIL NO. 3:CV-05-1147
    v. :
: (JUDGE VANASKIE)
JOSEPH F. DESUTA, et al., :
:
    Respondents. :

MEMORANDUM

Background

    This pro se habeas corpus proceeding pursuant to 28 U.S.C. § 2254 was initiated in the United States District Court for the Western District of Pennsylvania by David Smith, an inmate presently confined at the State Correctional Institution, Mercer, Pennsylvania (SCI-Mercer).[1] The matter was subsequently transferred to this Court.

    On April 30, 1996, Petitioner was charged with thirty (30) counts of involuntary deviate sexual intercourse; ten (10) counts of sexual assault; four (4) counts of indecent assault, and

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court. Citations to page numbers refer to the page number of the document on the CM/ECF electronic record.

one (1) count of corruption of minors.  The victim of those alleged offenses was Petitioner's thirteen (13) year old stepdaughter.  Smith, proceeding pro se, entered a guilty plea on November 27, 1996, to two (2) counts of involuntary deviate sexual intercourse.  See Commonwealth v. Smith, 717 A.2d 1032, 1033 (Pa. Super. 1998).  Petitioner was sentenced on December 23, 1996 to an aggregate ten (10) to forty (40) year term of imprisonment.  A more detailed recitation of Petitioner's state court criminal proceedings is set forth in a Memorandum issued by this Court on July 17, 2009.  (Dkt. Entry # 17.)

Following sentencing, Smith filed post-sentence motions, which were dismissed as untimely.  He did not appeal the dismissal of his post-sentence motions.  Rather, Smith initiated an action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, et seq. on February 12, 2007.   An Amended PCRA Petition prepared with the assistance of court-appointed counsel was denied by the Court of Common Pleas on the basis that Petitioner had waived his right to seek relief by failing to file a timely post-sentence motion or direct appeal.

The Pennsylvania Superior Court remanded Smith's PCRA action on July 31, 1998 with instructions that the Court of Common Pleas conduct an evidentiary hearing to determine whether his post-sentence motions should have been regarded as timely by application of the "prisoner mailbox rule" so as to preclude a determination that Petitioner had waived the right to seek PCRA relief.  (Dkt. Entry # 13-9.)  On July 9, 1999, Pennsylvania's Supreme Court denied

a request for allowance of appeal. See Commonwealth v. Smith, 740 A.2d 232 (Pa. 1999)(Table).

Following a hearing, the PCRA court, on December 23, 1999, again concluded that Petitioner's post-sentence motions were untimely and that he had not filed a timely direct appeal, and denied the PCRA petition. (Dkt. Entry # 13-14.) In a June 7, 2001 unpublished decision, the Superior Court concluded that Smith's post-sentence motions were timely by virtue of application of the "prisoner mailbox rule." (Dkt. Entry # 13-17, at 11.) Consequently, Petitioner had not waived the right to seek relief under the PCRA. The case was remanded with instructions that the PCRA court conduct an evidentiary hearing as to his argument that he was denied his right to counsel. (Id.)

The Court of Common Pleas issued an Order on April 17, 2002 which found that Petitioner was not denied his right to counsel. (Dkt. Entry # 13-19.) By decision dated May 14, 2003, the Superior Court affirmed the determination of the Court of Common Pleas. (Dkt. Entry # 13-22.) Smith's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on February 18, 2004. See Commonwealth v. Smith, 847 A. 2d 1284 (Pa. 2004)(Table). A request for reconsideration filed by Petitioner was denied by the Supreme Court on March 24, 2004. (Dkt. Entry # 13-23.)

On April 21, 2005, more than one (1) year after the conclusion of his PCRA proceedings, Smith initiated this habeas corpus action in the United States District Court for the

-3-

Western District of Pennsylvania.² His pending pro se petition initially claims entitlement to federal habeas corpus relief on the basis that he was provided with ineffective assistance of counsel by the Bradford County Public Defender's office. The gist of Smith's petition is that the trial court did not assure a knowing and voluntary waiver of counsel before allowing Smith to represent himself in the state court prosecution.

By Memorandum and Order dated July 17, 2009, this Court, exercising the discretion afforded under Day v. McDonough, 547 U.S. 198, 209-11 (2006), and United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), directed Petitioner to show cause why his habeas corpus petition should not be dismissed as untimely pursuant to the provisions of Section 2244(d) of Title 28 of the United States Code.³ (Dkt. Entry # 17 at 11.) After being afforded an enlargement of time, Petitioner filed a response on August 27, 2009. (Dkt. Entry # 23.)

Discussion

Petitioner claims entitlement to equitable tolling on the ground that he "was not given notice of Penna. Supreme Court's decision." (Dkt. Entry # 23 at 1.) Specifically, Smith states that one month after the Supreme Court denied relief he received a letter from his court

---

² Smith's action was docketed in the Western District on April 21, 2005, but is dated April 25, 2005. (Dkt. Entry # 1, at 9.)

³ It was also concluded that Smith's pending federal habeas corpus petition is a mixed petition, one containing both exhausted and unexhausted claims.

-4-

appointed PCRA counsel advising him of the adverse decision. According to Smith, a copy of the decision was not enclosed. Thereafter, Petitioner indicates that he unsuccessfully attempted to obtain a copy of that decision from both his attorney and the Pennsylvania Supreme Court. Due to his inability to obtain a copy of the decision, Smith indicates that he computed the one (1) year limitations period for seeking habeas corpus relief based upon the date of the letter in which his former counsel advised him of the Supreme Court's decision.

This argument lacks merit. In the habeas petition that Smith submitted in this matter, he specifically states that "An ORDER issued 24th day of March, 2004 denying Petitioner's appeal to the Pennsylvania Supreme Court relinquishes jurisdiction of this case to this Court because petitioner has exhausted all of his State remedies." (Dkt. Entry # 1-2, at 12.) Since the Petition prepared by Smith in this matter sets forth the date of Pennsylvania Supreme Court's decision, his argument that he was not aware of said date is clearly disingenuous. It is indisputable that Smith knew of the date when the Pennsylvania Supreme Court denied his request for reconsideration.[4]

Alternatively, Petitioner contends that he should be afforded equitable tolling because he has "mental limitations." (Id.) However, Smith does not set forth any facts which would establish that he suffered from a condition which prevented him from computing the one year limitations period. Nor does he explain how such "mental limitations" precluded him from filing

---

[4] As noted above, allowance of appeal was denied on February 18, 2004.

his habeas petition within the one year period for doing so. Clearly, Petitioner has had the ability to articulate his claims, as evidenced by the submissions he has made in this action.

In Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999), the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159. "[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

In light of the stringent requirements for equitable tolling, Smith's vague contention of a mental limitation is insufficient to warrant a finding of equitable tolling. Moreover, Petitioner's contention that "he based his time for habeas corpus" clearly indicates that he was aware of the limitations period and undermines any argument that his ability to seek timely relief was impaired by a mental limitation. (Dkt. Entry # 23 at 1.)

As previously noted by this Court, Petitioner's conviction became final for purposes of § 2244(d) and the limitations period began to run on January 22, 1997, when Smith failed to initiate a direct appeal. The running of the limitations period was suspended on February 12, 1997, when Smith properly commenced state post-conviction proceedings, and remained

suspended until no later than March 24, 2004, when the Pennsylvania Supreme Court denied his request for reconsideration of its decision to deny allowance of appeal. Thus, the limitations period clearly expired before Petitioner's April 21, 2005 filing of his habeas petition with the United States District Court for the Western District of Pennsylvania.

Since Petitioner has not established entitlement to either statutory or equitable tolling and his § 2254 petition was filed after the expiration of the § 2244(d) limitations period, this matter is clearly time barred and is precluded from consideration.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID SMITH,

        Petitioner,

    v.

JOSEPH F. DESUTA, et al.,

        Respondents.

CIVIL NO. 3:CV-05-1147

(JUDGE VANASKIE)

## ORDER

NOW, THEREFORE, THIS 1st DAY OF OCTOBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for a writ of habeas corpus is DISMISSED.

2. The Clerk of Court is directed to mark this matter CLOSED.

3. There is no basis for issuance of a certificate of appealability.

                                  s/ Thomas I. Vanaskie
                                  Thomas I. Vanaskie
                                  United States District Judge